**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| O'REILLY AUTO ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF HARVEY, ILLINOIS; | ) | **JURY TRIAL DEMANDED** |
| CHRISTOPHER J. CLARK; and | ) | |
| JOHN R. FOSS; | ) | |
| | ) | |
| Defendants. | ) | |

<u>**COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND
PERMANENT INJUNCTIONS, AND DAMAGES**</u>

Plaintiff, O'REILLY AUTO ENTERPRISES, LLC ("O'Reilly"), by counsel, pursuant to Fed. R. Civ. P. 7(a), brings its claims against Defendants as follows:

**INTRODUCTION**

Plaintiff operates a retail business as a tenant in Harvey, Illinois. Defendants, the City of Harvey and its law enforcement officials, without prior notice used the city police force to lock Plaintiff out of its business, including by placing concrete blocks in front of the business – all because Plaintiff would not agree to pay the city a $20,000 fine for Plaintiff's landlord owing property taxes, for which Plaintiff bore no responsibility and over which the Landlord was in litigation with the city. This seizure of Plaintiff's business constitutes a flagrant deprivation of Plaintiff's Constitutional rights of due process and protection against excessive fines, and gives rise to a number of concurrent and supplemental claims.

## THE PARTIES

1.     O'Reilly is a limited liability company organized under Delaware law with its headquarters in Springfield, Missouri, and regularly conducting business in Illinois. Its sole member is Ozark Services, Inc., a Missouri corporation with its headquarters in Springfield, Missouri.

2.     Defendant City of Harvey, Illinois ("Harvey"), is a municipality organized under Illinois law located in Cook County, Illinois.

3.     Defendant Christopher J. Clark ("Clark") is a natural person and a citizen of Illinois who at all relevant times has served as mayor of Harvey.

4.     Defendant John R. Foss ("Foss") is a natural person and a citizen of Illinois who at all relevant times has served as police chief of Harvey.

## JURISDICTION AND VENUE

5.     This court has jurisdiction under 28 U.S.C. § 1331 because O'Reilly's claims arise under the Constitution and laws of the United States.

6.     This court also has supplemental jurisdiction of all related claims arising under Illinois law under 28 U.S.C. § 1367(a). Diversity of citizenship also exists on these supplemental claims because (1) O'Reilly is a citizen of Delaware and Missouri and Defendants are all citizens of Illinois and (2) the amount in controversy exceeds $75,000, further providing jurisdiction under 28 U.S.C. § 1332(a).

7.     Venue in this district is proper under 28 U.S.C. §1391(b) because all Defendants reside in Cook County, Illinois, and a substantial part of the events giving rise to O'Reilly's claims occurred in Cook County, Illinois.

**FACTS**

8.      O'Reilly is a nationwide retailer engaged in the business of operating stores that sell automotive parts and services to the general public.

9.      At all relevant times O'Reilly has operated a store located at 14921 Dixie Highway in Harvey ("the Store").

10.     O'Reilly operates the Store as a tenant on real estate consisting of multiple units ("the Property"), each a separate lot with a separate property identification number (PIN).

11.     O'Reilly occupies only one unit on the Property.

12.     All lots on the Property are owned by Harvey Shopping Center, LLC, an Illinois limited liability company with its headquarters in Los Angeles, California ("the Landlord").

13.     O'Reilly leases the unit housing the Store from the Landlord, who is responsible for paying property taxes on the entire Property.

14.     On December 14, 2022, the Landlord filed a lawsuit against Harvey in the Circuit Court of Cook County, Chancery Division under Case Number 2022 CH 12050, alleging that it entered into an Economic Incentive and Public Private Partnership Agreement (the "Partnership Agreement") with Harvey to redevelop and improve the Property where the Store is located, and that pursuant to the Partnership Agreement, Harvey agreed to pay delinquent back taxes up to $2.53 million but has failed to pay any of the property taxes. This lawsuit remains pending.

15.     The Store and the Property lie within the city limits of Harvey and are therefore subject to Harvey's ordinances.

16.     At all relevant times, Section 5-02-065 of the Harvey Municipal Code governed business licenses as follows:

**5-02-065 Suspension, revocation, or refusal to issue a business license for nonpayment.**

A. No initial or renewal license shall be issued to any person if:

 1. Such applicant has any outstanding fees, fines, assessments, penalties or taxes owed to the city for which the period granted for payment has expired; or

 2. ***If the premises to be licensed has past due and/or delinquent real estate taxes for such property***, unless the property is exempt from taxation.

B. The licensee and the licensed premises must meet the eligibility requirements for an initial or renewed business license throughout the license term. The city may suspend or revoke a business license if the licensee or the licensed premises fails to maintain eligibility for a business license.

C. If the initial or renewal license is denied for reasons stated hereunder, the license or renewal applicant may appeal such a decision pursuant to the hearing procedures in Section 5-02-120.

(emphasis added).

17. At all relevant times, Section 5-02-120 of the Harvey Municipal Code further provided:

**5-02-120 Suspensions of license and hearings on license violations, fines, suspensions, and/or revocations.**

A. The mayor as issuer of business licenses . . . shall have the power to designate a qualified hearing officer, an attorney licensed to practice law in the state of Illinois, in his stead, to act for the mayor in imposing license suspensions for violations of the terms of the license and to hear and rule upon all issues of license violations, fines, suspensions and revocations of any and all sorts as provided for in this title and the city's municipal code.

B. Any license or permit issued under this chapter or any amendments thereto may, by the mayor, or his designated hearing officer, be suspended for a period of time not to exceed thirty (30) days or less, or it may be revoked indefinitely for any violation by the licensee or permittee of the ordinance provisions relating to the license or permit, subject matter of the license or permit, to the premises occupied, or for activities being carried on at the premises that do not fall within the purview of the license or permit granted.

C.    Within three (3) days after the suspension period of the license or permit has expired, or within ten (10) days of the initial revocation of the license or permit, the mayor, or his designated hearing officer, shall give notice to the holder or holders of the license or permit that a hearing will be held at a designated hour at the City Hall to hear evidence and take testimony relative to the facts and circumstances surrounding the suspension or revocation; and a decision shall be rendered by the mayor, or his designated hearing officer, regarding the reinstatement, the impositions of fines, and/or the permanent revocation of the suspended or revoked license or permit within five (5) business days following the hearing. Suspension or revocation of a license or permit may be in addition to any fine imposed under other provisions of this code. If the mayor, or designated hearing officer, fails to take steps to hold a hearing, the suspended or revoked license or permit shall be automatically reinstated following the period of the initial suspension. ***The temporary suspension shall take effect the day following the receipt by the licensee or permittee of a letter sent from the office of the mayor by certified mail setting forth the reasons for the suspension and the period of such suspension.*** Notices for hearing shall be sent by the office of the mayor by certified mail to the licensee or permittee. The notices required under this section may be made by personal delivery to the licensee or permittee with an acknowledgement of receipt by the licensee or permittee.

(emphasis added).

18.    O'Reilly had a valid business license issued by Harvey for the Store that expired on July 31, 2024.

19.    Before the expiration of its business license, O'Reilly timely applied for renewal of that license with the proper authority of Harvey and at that time tendered the proper renewal fee in the amount of $714, which Harvey accepted and cashed.

20.    Harvey never informed O'Reilly that its application to renew its business license was denied, or that its business license was suspended or revoked.

21.    In a series of emails between September 18 and 24, 2024, Clark demanded as a condition for O'Reilly maintaining its business operations in Harvey that O'Reilly enter into an agreement with Harvey under which it was to pay Harvey $20,000 as a fine – not as payment – for delinquent property taxes owed by the Landlord for the entirety of the Property.

22.     When O'Reilly objected, Clark on September 24, 2024, responded that O'Reilly could either (1) pay the $20,000 or (2) be fined $2,500 per day retroactively for five months for operating the Store without a business license, and gave O'Reilly until the end of the day on September 27, 2024, to decide.

23.     Without any prior notice, on September 30, 2024, the Harvey police, at the direction of Clark and Foss, placed locks on all units on the Property, placed concrete blocks in front of the Store, and stationed a patrol outside of each unit, preventing all ingress to and egress from each unit, including O'Reilly's Store.

24.     Since that date, O'Reilly has been unable to access or conduct business in its Store and presently remains unable to do so.

**COUNT I:**
**DECLARATORY JUDGMENT, INJUNCTIVE RELIEF,**
**AND DAMAGES FOR DEPRIVATION OF DUE PROCESS UNDER 42 U.S.C. § 1983**

25.     O'Reilly incorporates Paragraphs 1 through 24, above, as though fully restated here.

26.     O'Reilly is a person entitled to all rights, privileges, and immunities provided by the Constitution and laws of the United States.

27.     O'Reilly has a protected property interest in the Store and all activities it conducts in the Store.

28.     O'Reilly has a protected liberty interest in conducting business in the Store.

29.     Defendants, acting under color of Illinois law and Harvey Ordinance, deprived O'Reilly of its liberty and property interests without providing notice or a hearing or any other procedural protections surrounding that deprivation, in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment to the Constitution of the United States.

-6-

30.     Defendants, acting under color of Illinois law and Harvey Ordinance, imposed an excessive fine by requiring it to pay a fine for delinquent property taxes it had no duty to pay, including those of units it had no rights to occupy, in violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the Constitution of the United States.

31.     Defendants undertook their actions with reckless or callous indifference to O'Reilly's constitutional rights.

32.     As a direct result of Defendants' actions shutting it out from its business indefinitely, O'Reilly has suffered immediate and irreparable harm for which there is no adequate remedy at law.

33.     O'Reilly is reasonably likely to prevail on the merits, and the issuance of a preliminary and permanent injunction would not violate, but instead would promote, public policy by preventing violation of O'Reilly's Constitutional rights.

34.     The harm that O'Reilly suffers as outlined above is immediate and irreparable such that a temporary restraining order (TRO) is appropriate under Fed. R. Civ. P. 65

35.     As a further direct result of Defendants' actions, O'Reilly suffered other harm for which a remedy at law exists, incurring damages.

WHEREFORE, O'Reilly requests that this court (1) enter a TRO against Defendants temporarily restraining them from continuing to block access to the Store or taking any other action impeding O'Reilly's ability to conduct business in the Store for 14 days pending hearing on a preliminary injunction, and (2) enter judgment in its favor and against Clark and Foss as follows:

(1)     Declaring Defendants' actions taken under color of state law and in violation of O'Reilly's Constitutional rights to due process and freedom from excessive fines;

(2) Preliminarily and permanently enjoining Defendants from continuing with their actions described above or taking any other action that violates O'Reilly's Constitutional rights to due process and freedom from excessive fines;

(3) To any extent that a remedy at law exists, for an award of damages sufficient to compensate O'Reilly for its losses and for punitive damages for actions taken in willful violation of O'Reilly's Constitutional rights;

(4) Awarding O'Reilly attorney fees under 42 U.S.C. § 1988; and

(5) Granting all other appropriate relief.

**COUNT II:**
**DECLARATORY JUDGMENT**

36. O'Reilly incorporates Paragraphs 1 through 24, above, as though fully restated here.

37. O'Reilly is a person entitled to all rights, privileges, and immunities provided by the Constitution and laws of the United States.

38. Section 5-02-065(A)(2) of the Harvey Municipal Code provides that a business license may be revoked if property taxes on the property that business occupies is delinquent, regardless of whether or not the license holder is responsible for the property taxes. Section 5-02-065(A)(2) therefore imposes punitive action on a business license holder irrespective of that person's personal culpability.

39. Furthermore, as applied here, Harvey is taking punitive action by demanding that O'Reilly pay a fine for delinquent property taxes that O'Reilly had no duty to pay and which included units that it has no right to occupy.

40. Consequently, Section 5-02-065(A)(2) violates the Eight and Fourteenth Amendments to the Constitution of the United States, both facially and as applied.

41.     As an entity actually subjected to enforcement by Defendants of Section 5-02-065(A)(2) against it, an actual controversy exists between O'Reilly and Defendants regarding their rights and relationships that requires adjudication by this court.

WHEREFORE, O'Reilly requests that this court (1) enter a TRO against Defendants temporarily restraining them from continuing to block access to the Store or take any other action impeding O'Reilly's ability to conduct business in the Store for 14 days pending hearing on a preliminary injunction, and (2) enter judgment in its favor and against Harvey, Clark, and Foss as follows:

(1)     Declaring Section 5-02-065(A)(2) of the Harvey Municipal Code unconstitutional both facially and as applied to O'Reilly as violating the Eighth and Fourteenth Amendments to the Constitution of the United States;

(2)     Preliminarily and permanently enjoining Defendants from enforcing Section 5-02-065(A)(2) against O'Reilly and all other similarly situated; and

(3)     Granting all other appropriate relief.

## COUNT III:
## REGULATORY TAKING

42.     O'Reilly incorporates Paragraphs 1 through 24, above, as though fully restated here.

43.     O'Reilly is a person entitled to all rights, privileges, and immunities provided by the Constitution and laws of the United States.

44.     O'Reilly has a protected property interest in the Store, all of its possessions in the Store, and all activities it conducts in the Store.

45. To the extent Defendants' actions described above were authorized by law, they constitute a regulatory taking requiring just compensation under the Fifth and Fourteenth Amendments to the United States Constitution.

46. Harvey has failed to provide just compensation for its regulatory taking, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

47. As a result of Harvey's violation of the Fifth and Fourteenth Amendments to the United States Constitution, O'Reilly incurred damages.

WHEREFORE, O'Reilly requests that this court enter judgment in its favor and against Harvey, award damages sufficient to compensate O'Reilly for its losses, and grant all other appropriate relief.

**COUNT IV:**
**VIOLATION OF THE ILLINOIS CONSTITUTION**

48. O'Reilly incorporates Paragraphs 1 through 24, above, as though fully restated here.

49. O'Reilly is a person entitled to all rights, privileges, and immunities provided by the Constitution and laws of Illinois.

50. O'Reilly has a protected property interest in the Store and all activities it conducts in the Store.

51. O'Reilly has a protected liberty interest in conducting business in the Store.

52. Defendants, acting under color of Illinois law and Harvey Ordinance, deprived O'Reilly of its liberty and property interests without providing notice or a hearing or any other procedural protections surrounding that deprivation, in violation of Art. I § 2 of the Illinois Constitution.

53. Defendants, acting under color of Illinois law and Harvey Ordinance, imposed a fine exceeding the seriousness of the offense by requiring it to pay property taxes it had no duty to pay, including those of units it had no rights to occupy, in violation of Art. I § 11 of the Illinois Constitution.

54. As a direct result of Defendants' actions shutting it out from its business indefinitely, O'Reilly has suffered immediate and irreparable harm for which there is no adequate remedy at law.

55. O'Reilly is reasonably likely to prevail on the merits, and the issuance of a preliminary and permanent injunction would not violate, but instead would promote, public policy by preventing violation of O'Reilly's Constitutional rights.

56. As a further direct result of Defendants' actions, O'Reilly suffered other harm for which a remedy at law exists, incurring damages.

WHEREFORE, O'Reilly requests that this court (1) enter a TRO against Defendants temporarily restraining them from continuing to block access to the Store or take any other action impeding O'Reilly's ability to conduct business in the Store for 14 days pending hearing on a preliminary injunction, and (2) enter judgment in its favor and against Defendants as follows:

(1) Declaring Defendants' actions taken in violation of O'Reilly's Illinois Constitutional rights to due process and freedom from excessive fines;

(2) Preliminarily and permanently enjoining Defendants from continuing with their actions described above or taking any other action that violates O'Reilly's Illinois Constitutional rights to due process and freedom from excessive fines;

-11-

(3)     To any extent that a remedy at law exists, for an award of damages sufficient to compensate O'Reilly for its losses and for punitive damages for actions taken in willful violation of O'Reilly's Constitutional rights; and;

(4)     Granting all other appropriate relief.

**COUNT V:**
**CONVERSION**

57.     O'Reilly incorporates Paragraphs 1 through 24, above, as though fully restated here.

58.     O'Reilly has an absolute and unconditional right to all items of personal property, including inventory and equipment, inside the Store.

59.     Defendants wrongfully and without authorization assumed control and dominion over O'Reilly's property.

60.     O'Reilly has insisted on continued possession of its property.

WHEREFORE, O'Reilly requests that this court enter judgment in its favor and against Harvey, award damages sufficient to compensate O'Reilly for its losses, and grant all other appropriate relief.

**COUNT VI:**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

61.     O'Reilly incorporates Paragraphs 1 through 24, above, as though fully restated here.

62.     O'Reilly at all times had a reasonable expectation of entering into business relationships with customers.

63.     Harvey at all relevant times knew about O'Reilly's expectations.

-13-

64. Harvey's purposeful interference, as described above, prevented O'Reilly's legitimate expectation from developing into a valid business relationship;

65. As a direct result of Harvey's purposeful interference with its prospective economic advantage, O'Reilly incurred damages.

WHEREFORE, O'Reilly requests that this court enter judgment in its favor and against Harvey, award damages sufficient to compensate O'Reilly for its losses, and grant all other appropriate relief.

**JURY TRIAL DEMANDED**

Respectfully submitted,

O'REILLY AUTO ENTERPRISES, LLC

By: */s/ Joseph R. Marconi* _____
        One of Its Attorneys

Joseph R. Marconi – ARDC #1760173
Carlos A. Vera – ARDC #6312461
Adam J. Sedia – ARDC #6318987
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
312.372.0770 (T)
marconij@jbltd.com
verac@jbltd.com
sediaa@jbltd.com

*Attorneys for Plaintiff,*
  *O'Reilly Auto Enterprises, LLC*