**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| O'REILLY AUTO ENTERPRISES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-09274 |
| | ) | |
| CITY OF HARVEY, ILLINOIS; | ) | Hon. Manish S. Shah |
| CHRISTOPHER J. CLARK; and | ) | |
| CAMERON BIDDINGS; | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

# <u>EXHIBIT F</u>

Hearing Date: <<CmsHearingStart>>
Location: <<CmsHearingResource="Location">>
Judge: <<CmsHearingResource="JudicialOfficer">>

For updated information about your case, including hearings, subsequent filings
and other case information, please visit our Online Case Search
and search for your case: https://casesearch.cookcountyclerkofcourt.org

**12-Person Jury**

FILED
12/27/2024 12:03 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024CH10976
Calendar, 7
30746405

CAV/ALC          8632-24002                    Firm I.D. No. 06347

FILED DATE: 12/27/2024 12:03 PM   2024CH10976

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

O'REILLY AUTO ENTERPRISES, LLC d/b/a
O'REILLY AUTO PARTS, a Delaware
corporation,

                              Plaintiff,

v.                                                          Case No: **2024CH10976**

CITY OF HARVEY, ILLINOIS, a municipal
corporation, CHRISTOPHER J. CLARK, THE
CITY COUNCIL OF THE CITY OF HARVEY,
SHIRLEY      DEWENSKI,      MARSHUN
TOLBERT, TELANEE SMITH, TRACY KEY,
DOMINIQUE      RANDLE-EL,      TYRONE
ROGERS,   COLBY   CHAMPAN,   ROSA
ARAMBULA,      CHERYL      ANDERSON,
HARVEY MUNICIPAL COURTS, also known
as CITY OF HARVEY ADMINISTRATIVE
HEARING,      CITY      OF      HARVEY
DEPARTMENT      OF      BUILDING      AND
INSPECTIONAL    SERVICES,    CORREAN
DAVIS,   BRIDGETTE   ALLEN,   JUDGE
JAMES  MCGING  (Ret.),  PATRICK  W.
WALSH, JOSEPH P. SHERIDAN,

                              Defendants.

## COMPLAINT FOR ADMINISTRATIVE REVIEW,
## PETITION FOR WRIT OF CERTIORARI, AND
## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, O'Reilly Auto Enterprises, LLC d/b/a O'Reilly Auto Parts ("O'Reilly"), by and

through its attorneys at JOHNSON & BELL, LTD., complain of the Defendants CITY OF HARVEY,

CHRISTOPHER J. CLARK, in his official capacity as Mayor of the City of Harvey, THE CITY

COUNCIL OF THE CITY OF HARVEY, SHIRLEY DEWENSKI, in her official capacity as

Alderwoman of the City of Harvey, MARSHUN TOLBERT, in his official capacity as Alderman

of the City of Harvey, TELANEE SMITH, in her official capacity as Alderwoman of the City of

1

Harvey, TRACY KEY, in his official capacity as Alderman of the City of Harvey, DOMINIQUE RANDLE-EL, in his official capacity as Alderman of the City of Harvey, TYRONE ROGERS, in his official capacity as Alderman of the City of Harvey, COLBY CHAMPAN, in her official capacity as Alderwoman of the City of Harvey, ROSA ARAMBULA, in her official capacity as Clerk of the City of Harvey, CHERYL ANDERSON, in her official capacity as Deputy City Clerk of the City of Harvey, HARVEY MUNICIPAL COURTS, also known as CITY OF HARVEY ADMINISTRATIVE HEARING, JUDGE JAMES MCGING (ret.), in his official capacity as ADMINISTRATIVE HEARING OFFICER for the CITY OF HARVEY, CITY OF HARVEY DEPARTMENT OF BUILDING AND INSPECTIONAL SERVICES, CORREAN DAVIS, in her official capacity as City Administrator for the CITY OF HARVEY, BRIDGETTE ALLEN, in her official capacity as Administrative Assistant for the CITY OF HARVEY DEPARTMENT OF BUILDING AND INPSECTIONAL SERVICES, PATRICK WALSH, in his official capacity as CITY OF HARVEY PROSECUTOR AND SPECIAL COUNSEL, and JOSEPH SHERIDAN, in his official capacity as Inspector for the CITY OF HARVEY DEPARTMENT OF BUILDING AND INSPECTIONAL SERVICES (Defendants will be collectively referred to as "the City") and in support thereof states as follows:

1.　　In this matter, O'Reilly (a) seeks judicial review of the decision of the City of Harvey Administrative Hearing Officer James McGing in the administrative action captioned *City of Harvey v. O'Reilly Auto Part*s, Case Nos. C1644-001222, C1646-01370, C1646-001499 and C1646-001500 ("the Administrative Action") under the Administrative Review Law, 735 ILCS 5/3-101, *et seq.*; (b) petitions this court for writ of certiorari for judicial review of the decision of the City of Harvey to deny O'Reilly the renewal of its business license for the 2024-2025 year and to subsequently attempt to shut down the O'Reilly store located within Harvey; and (c) petitions

2

FILED DATE: 12/27/2024 12:03 PM   2024CH10976

this court for writ of certiorari for judicial review of Sections 5-02-065 and 5-02-120 of the Municipal Code of Harvey and seeks a declaratory judgment that said code provisions are unconstitutional.

2.     On June 27, 2022, and January 22, 2024, the City Council of Harvey adopted Ord. 3458 §1 and Ord. 3484 §3, respectively, both of which affected the rights of O'Reilly. *See* Minutes of the Regular Harvey City Council Meeting, attached as **Exhibit A**; Minutes of the Regular Harvey City Council Meeting, attached as **Exhibit B**. Together Ord. 3458 §1 and Ord. 3484 §3 were codified as Section 5-02-065 of the Municipal Code of Harvey.

3.     On October 29, 2024, City of Harvey Mayor, Christopher J. Clark, issued a letter affecting the rights of O'Reilly, as the letter denied O'Reilly's business license renewal application for the 2024-2025 year because of unpaid property taxes. See Letter dated October 29, 2024, attached as **Exhibit C**.

4.     On November 25, 2024, a final and appealable order affecting the rights of Plaintiff O'Reilly was issued by the City of Harvey's Administrative Hearing Officer, James M. McGing, which fined O'Reilly $83,000 for operating without a business license between September 5, 2024 and October 8, 2024. *See* Decision, attached as **Exhibit D**.

## THE PARTIES

5.     Plaintiff O'Reilly Auto Enterprises, LLC, d/b/a O'Reilly Auto Parts is a foreign corporation organized under the laws of the State of Delaware.

6.     O'Reilly is registered with the Secretary of State of Illinois and is thus authorized to do business within Illinois.

7.     Defendant City of Harvey ("Harvey") is an Illinois municipal corporation.

8.     Defendant Christopher J. Clark is the mayor of Harvey, sued in his official capacity.

3

9. Defendant the City Council of the City of Harvey ("the Council") is Harvey's city council.

10. Defendant Shirley Dewenski is an alderwoman of Harvey, sued in her official capacity.

11. Defendant Marshun Tolbert is an alderman of Harvey, sued in his official capacity.

12. Defendant Telanee Smith is an alderwoman of Harvey, sued in her official capacity.

13. Defendant Tracy Key is an alderman of Harvey, sued in his official capacity.

14. Defendant Dominique Randle-El is an alderman of Harvey, sued in his official capacity.

15. Defendant Tyrone Rogers is an alderman of Harvey, sued in his official capacity.

16. Defendant Colby Chapman is an alderwoman of Harvey, sued in her official capacity.

17. Defendant Rosa Arambula is the City Clerk of Harvey, sued in her official capacity.

18. Defendant Anderson is the Deputy Clerk of Harvey.

19. Administrative hearings in Harvey are governed by Section 2-30-010, *et seq.* of the Municipal Code of Harvey ("Municipal Code"), which establishes the position of Administrative Hearing Officer (AHO), authorizes the AHO to conduct adjudicatory hearings, and provides the AHO with specific powers and duties with which to execute this position.

20. In Section 2-30-010, *et seq.*, the Municipal Code creates a system of administrative adjudication for the purpose of adjudicating violations of the Municipal Code.

21. The system of administrative adjudication created by Section 2-30-010, *et seq.* authorizes an AHO to conduct adjudicatory hearings of cases instituted by city representatives.

4

FILED DATE: 12/27/2024 12:03 PM   2024CH10976

22.     At all times relevant to this lawsuit, the Harvey Municipal Courts, also known as City of Harvey Administrative Hearing ("Harvey Municipal Courts"), has held itself out as the system of administrative adjudication created by Section 2-30-010, *et seq.*

23.     Defendant Judge James McGing (ret.) ("McGing") is the AHO for Harvey.

24.     Harvey, through McGing, conducts administrative hearings according to the rules adopted by the hearing administrator for the conduct of the hearing, the Municipal Code, the mandates of due process, and other applicable laws.

25.     Harvey, through McGing, conducts contested hearings concerning alleged violations of the Municipal Code for the City of Harvey.

26.     McGing, as AHO, has the authority under Section 2-30-070 of the Municipal Code to impose fines up to $50,000, plus costs.

27.     Sections 2-30-070 and 2-30-100 of the Municipal Code give the AHO the power to conduct hearings and enumerate the specific powers of the AHO to achieve that end.

28.     The AHO presides over hearings conducted by Harvey.

29.     Harvey's Department of Building and Inspectional Services ("the Building Department") is a department of Harvey.

30.     At all times relevant to this lawsuit, the Building Department has held itself out as the administrative body with the authority to conduct inspections of businesses.

31.     Correan Davis is the City Administrator for Harvey.

32.     Bridgette Allen is an administrative assistant for the Building Department.

33.     Joseph Sheridan is an inspector in the Building Department.

34.     Patrick Walsh is the City of Harvey Prosecutor and Special Counsel.

## JURISDICTION AND VENUE

5

35.     Section 2-30-110 of the Municipal Code provides that decisions by the AHO are subject to review under the Illinois Administrative Review Act, 735 ILCS 5/3-101, *et seq.*

36.     Jurisdiction is vested in the Circuit Court of Cook County, according to 735 ILCS 5/3-104 and Section 2-30-110 of the Municipal Code.

37.     Jurisdiction is further vested in this court under Art. VI Sec. 9 of the Illinois Constitution for O'Reilly's certiorari and declaratory judgment actions.

38.     Venue is proper, in that the proceedings at issue were held at the Harvey Municipal Building, located at 15320 Broadway in Harvey, Cook County, Illinois, and because the subject business operated by O'Reilly is located in Harvey, Cook County, Illinois.

## FACTS

39.     O'Reilly is a retailer that sells automobile parts in brick-and-mortar stores throughout the United States and Mexico. O'Reilly operates over 6,000 stores in the United States.

40.     O'Reilly operates a store located at 14921 Dixie Highway in Harvey, Cook County, Illinois (the "Harvey Store").

41.     Since at least 2014, O'Reilly annually applied for and received valid business licenses from Harvey.

42.     The Harvey Store is located in a strip mall that is owned by Harvey Shopping Center, LLC ("the Landlord").

43.     O'Reilly leases the space in which the Harvey Store is located from the Landlord.

44.     In a separate lawsuit captioned *Harvey Shopping Center, LLC v. City of Harvey, Illinois*, Cause No. 22 CH 12050, currently pending in the Chancery Division of this court, the Landlord alleges that Harvey is liable for property taxes for the land on which the Harvey Store is located, under an agreement it had with Harvey. Harvey denies those allegations.

6

FILED DATE: 12/27/2024 12:03 PM  2024CH10976

45. 35 ILCS 200/9-175 provides: "The owner of property on January 1 in any year shall be liable for the taxes of that year ..."

46. O'Reilly does not own the Property.

47. O'Reilly did not own the Property on January 1, 2024.

48. O'Reilly has never assumed any responsibility for paying the property taxes for the Property.

49. As opposed to the Landlord, O'Reilly is not responsible for the payment of property taxes to Harvey.

50. On May 23, 2023, Harvey issued a business license to O'Reilly for the Harvey Store ("2023 Business License"). *See* Business License, attached as **Exhibit B**.

51. The 2023 Business License was due to expire on April 30, 2024.

52. On April 26, 2024, O'Reilly submitted a renewal application to Harvey's Building Department ("April 2024 Application"). *See* Renewal Application dated April 25, 2024, attached as **Exhibit D**.

53. The April 2024 Application was complete.

54. O'Reilly sent the April 2024 Application to the City by UPS, just as O'Reilly did when applying for business license renewal in prior years, which the City always accepted without issue.

55. UPS reported that the package containing the April 2024 Application was delivered to Harvey on April 26, 2024 at 11:59 AM. *See* UPS Notice, attached as **Exhibit E**.

56. Defendant Allen signed for receipt of the April 2024 Application.

57. Defendants took no action on the April 2024 Application.

7

58.     On July 1, 2024, Joseph Sheridan, an inspector for the Building Department, issued a citation to the Harvey Store ("July Citation"). *See* Complaint, attached as **Exhibit F**.

59.     The citation alleged that O'Reilly was violating Section 5-02-170 of the Municipal Code "for operating without a license or in violation of municipal code."

60.     Upon receipt of the July Citation, O'Reilly contacted the City to ask about the status of the April 2024 Application.

61.     An unidentified city employee told O'Reilly that Harvey was no longer accepting business license applications by UPS but Harvey gave no prior notice that it would no longer accept business license applications by UPS. Harvey told O'Reilly to resubmit an application by hand delivery to City Hall.

62.     On July 10, 2024, O'Reilly prepared a second renewal application for a business license to Harvey ("July 2024 Application"). *See* Renewal Application dated July 10, 2024, attached as **Exhibit G**.

63.     On July 12, 2024, a representative of O'Reilly hand delivered the July 2024 Application to Harvey and paid the fees due, which totaled $765.79.

64.     The July 2024 Application, and the associated payment, was accepted by Harvey.

65.     The July 2024 Application was complete.

66.     On July 24, 2024, a hearing was held on July Citation, which was non-suited.

67.     Harvey took no action on the July 2024 Application.

68.     Harvey never sent written notice to O'Reilly stating that it was rejecting the July 2024 Application.

69.     Harvey never informed O'Reilly that it was not renewing O'Reilly's business license for the 2024-2025 year.

8

FILED DATE: 12/27/2024 12:03 PM  2024CH10976

70.     On September 5, 2024, Harvey's inspector Tzaddi Dimingo purportedly issued citation number C1644-001222 to O'Reilly for "operating without a license or in violation of municipal code." Citation No. C1644-001222, attached as **Exhibit H**.

71.     O'Reilly had no notice of citation number C1644-001222.

72.     Citation number C1644-001222 was not served on O'Reilly.

73.     On information and belief, on September 25, 2024, a hearing was held on citation number C1644-001222.

74.     O'Reilly did not appear at the September 25, 2024 hearing and a default judgment was entered against O'Reilly.

75.     On or about September 18, 2024, Inspector Sheridan issued Citation No. C1646-001370 to O'Reilly. *See* Notice of Violation, attached as **Exhibit I**.

76.     Citation No. C1646-001370 alleged that O'Reilly was in violation of Section 5-02-170 of the Municipal Code for "operating without a license or in violation of municipal code" on September 12, 2024.

77.     Citation No. C1646-001370 set a hearing date of October 23, 2024 for the violation.

78.     On September 9, 2024, Addonis Shaw, City Collector for the City of Harvey, sent an email to O'Reilly which stated that "the Harvey Shopping Center has property taxes that are currently delinquent. The City of Harvey at this time has or will deny business license renewal or revoke current business licenses for the tenants at this location." See e-mail dated September 9, 2024, attached as **Exhibit J**.

79.     On September 18, 2024, Defendant Clark e-mailed O'Reilly to discuss "some licensing issues that impact operations and possibly incur city fines." See E-mail Communications, attached as **Exhibit K.**

9

80.     At the time these e-mails were exchanged, Harvey still had not taken any action on O'Reilly's business license application.

81.     In e-mails sent between September 18, 2024, and September 24, 2024, Defendant Clark and his representatives attempted to force O'Reilly to sign a proposed settlement agreement with the City. See Draft Settlement Agreement, attached as **Exhibit L.**

82.     The Settlement Agreement addressed the Landlord's tax dispute with Harvey and included a provision that would have required O'Reilly to pay a $20,000 "fine" to continue to operate.

83.     O'Reilly refused to sign the proposed settlement agreement.

84.     On September 24, 2024, Defendant Clark told O'Reilly that it had until September 27, 2024, to sign the proposed settlement agreement or "O'Reilly can continue to operate without a business license as it has for almost five months, thus risking city prosecution with fines as high as $2,500 per day and possible permanent shut down."

85.     Before September 24, 2024, Harvey never denied O'Reilly's business license renewal application.

86.     On September 30, 2024, Harvey sent police to the Harvey Store and barricaded the Harvey Store with concrete barriers.

87.     On October 3, 2024, O'Reilly filed a motion for a temporary restraining order in the United States District Court for the Northern District of Illinois, which was granted. *See* Temporary Restraining Order, attached as **Exhibit M.**

88.     According to the TRO, the City was enjoined from preventing O'Reilly from accessing the Harvey Store.

FILED DATE: 12/27/2024 12:03 PM   2024CH10976

89.   ·  On October 8, 2024, Harvey issued two additional citations to O'Reilly, Citation Nos. 1646-001499 and 1646-001500; one for operating without a valid business license and one for the removal of a placard.

90.   O'Reilly was never served with the October 8, 2024 citations.

91.   O'Reilly has never received a copy of the October 8, 2024 citations.

92.   On October 16, 2024, O'Reilly filed with the City of Harvey Clerk's office a Motion to Set Aside Judgment for Failure to Appear seeking to have the default judgment entered on C1644-001222 on September 25, 2024 vacated. See Motion to Set Aside Judgment for Failure to Appear, attached as **Exhibit.**

## ADMINISTRATIVE PROCEEDING

93.   On October 23, 2024, a hearing was held before defendant McGing as Harvey's AHO on Citation Nos. C1644-001222, C1646-001370, C1646-001499, and C1646-001500. *See* Report of Proceedings and Exhibits, attached as **Exhibit O.**

·94.   O'Reilly, as respondent, was a party of record to the administrative hearing held by McGing on Citation Nos. C1644-001222, C1646-001370, C1646-001499, and C1646-001500.

95.   At the hearing, O'Reilly informed McGing that it filed with the City of Harvey Clerk's office a Motion to Set Aside Judgment for Failure to Appear seeking to have the default judgment entered on C1644-001222 on September 25, 2024 vacated. McGing did not receive a copy of the motion in advance of the hearing but granted O'Reilly's Motion to Set Aside Judgment for Failure to Appear and vacated the default judgment entered on September 25, 2024.

96.   O'Reilly learned of Citation Nos. 1646-001499 and 1646-001500 for the first time at the October 23, 2024 hearing.

11

97. McGing did not rule on Citation Nos. C1644-001222, C1646-001370, C1646-001499, and C1646-001500 on October 23, 2024 and took the matter under advisement.

98. On October 29, 2024, Harvey sent a notice to O'Reilly denying O'Reilly's business license application because of the Landlord's unpaid property taxes. See Letter dated October 29, 2024, attached as **Exhibit P**. The letter states "[i]f your applications was submitted to renew an existing business license and denial reason(s) identified are not remedied within 10 business days, and you have not submitted in writing official notice of your business closing, the City will consider you to be operating without a valid business license and a ticket in the amount twenty-five hundred dollars ($2500) per day, will be issued."

99. The October 29, 2024 notice was the first time that Harvey gave any notice to O'Reilly acting on O'Reilly's business license renewal application.

100. On October 31, 2024, counsel for O'Reilly sent the October 29, 2024 notice to AHO McGing in an e-mail and demanded a hearing on the denial of O'Reilly's business license. See E-mail dated October 31, 2024, attached as **Exhibit Q**.

101. On October 31, 2024, Defendant Walsh sent an email in response to O'Reilly's email, stating:

> This is an inappropriate communication with the Hearing Officer. The case was continued under advisement by the Hearing Officer. Please refrain from all communications with the Hearing Officer concerning the pending case unless we are before the Court. The City will respond to the hearing request separately to schedule an appropriate hearing. See E-mail dated October 31, 2024, attached as **Exhibit R.**

102. Harvey never contacted O'Reilly to schedule a hearing on the denial of O'Reilly's business license.

103. McGing refused to consider the October 29, 2024 notice denying O'Reilly's business license in his ruling.

FILED DATE: 12/27/2024 12:03 PM   2024CH10976

## DECISION SOUGHT TO BE REVIEWED

104.    On November 25, 2024, McGing issued a written decision ("the Decision") disposing of all of Harvey's claims against O'Reilly relating to the above-referenced citations. A copy of the Decision is attached as **Exhibit S** and fully incorporated here by reference.

105.    McGing found in favor of Harvey and imposed a fine of $83,000 on O'Reilly, which held as follows:

a.    Respondent O'Reilly Auto Parts is LIABLE for operating without a valid business license for a period beginning on September 5, 2024, through and including October 7, 2024, for a period of 33 days at $2,500 ... per day, Respondent is fined $82,500.00 ...

b.    Respondent O'Reilly Auto Parts is Liable for removal of the cease-and-desist placard and is fined $500.000...

106.    O'Reilly's legal rights, duties, and privileges were adversely affected by the administrative proceeding in front of Administrative Hearing Officer McGing.

107.    The Decision states that Section 15-02-010 **Codes Adopted,** "sets forth that the removal of a placard is a violation under the city code pursuant to PM 108.4.1, Removal of Placards and carries a fine of $500." Section 15-02-010 provides:

A.    There is adopted by the city, for the purpose of prescribing building regulations to protect the life and property of its residents, which regulations are consistent with nationally recognized standards, those certain codes being marked and designated as the International Code Council's Building Code, Property Maintenance Code, Residential Code, Electrical Code, Plumbing Code, Energy Conservation Code, Private Sewer Code, and Technical Codes.

B.    The city of Harvey will automatically update the code enforcement procedures and codes for enforcement based on the latest editions governed under the International Code Council.

C.    The fines for failure to follow ICC codes are outlined in the table below.

13

The text of PM 108.4.1 is not cited in the decision. Section 3-01-020, which imposes the fine for "removal of placards," states as follows:

| 15-02-010(C); PM 108.4.1 | Removal of Placards | $500.00 |
|---|---|---|

108.    The fine for 15-02-010(c); PM 108.4.1 appears entitled table of fines for "Buildings and Construction."

109.    It is not clear what "PM 108.4.1" is or what it provides.

110.    Section 2-30-100(H) provides that "No violations may be established except upon proof by a preponderance of evidence."

111.    Harvey never established what PM 108.4.1 penalizes.

112.    No evidence was introduced at the hearing to prove that PM 108.4.1 was violated.

113.    No evidence was introduced at the hearing showing that anyone acting on O'Reilly's behalf removed the Cease and Desist Notice.

114.    65 ILCS 5/1-2-9 provides, in pertinent part: "in all actions for the violation of any municipal ordinance, the first process shall be a summons or a warrant."

115.    Section 5-02-010 of Harvey's Municipal Code provides:

Applications for all licenses and permits shall be made in writing to the clerk in the absence of a provision to the contrary. Each application shall state the name of the applicant, the permit or license desired, the location to be used, if any, the time covered, and the fee to be paid; and each application shall contain such additional information as may be needed for the proper guidance of the officials in the issuing of the permit or license applied for, and no permit or license shall be issued until the applicant shall have furnished all information requested by the clerk or other official and all other provisions of this code in respect thereto have been complied with. Business license applicants shall apply for their license renewal applications and provide all required information and fees annually by April 30th. If complete information is provided, the city will act on the license applications within thirty (30) days. If the city fails to act on a completed license renewal application within

14

FILED DATE: 12/27/2024 12:03 PM   2024CH10976

thirty (30) days, the license will continue in effect until the city acts on the license renewal application.

116.   Section 5-02-065 of Harvey's Municipal Code provides:

A.   No initial or renewal license shall be issued to any person if:

1.   Such applicant has any outstanding fees, fines, assessments, penalties or taxes owed to the city for which the period granted for payment has expired; or

2.   If the premises to be licensed has past due and/or delinquent real estate taxes for such property, unless the property is exempt from taxation.

B.   The licensee and the licensed premises must meet the eligibility requirements for an initial or renewed business license throughout the license term. The city may suspend or revoke a business license if the licensee or the licensed premises fails to maintain eligibility for a business license.

C.   If the initial or renewal license is denied for reasons stated hereunder, the license or renewal applicant may appeal such a decision pursuant to the hearing procedures in Section 5-02-120.

117.   Section 5-02-120 of Harvey's Municipal Code provides:

A. The mayor as issuer of business licenses … shall have the power to designate a qualified hearing officer, an attorney licensed to practice law in the state of Illinois, in his stead, to act for the mayor in imposing license suspensions for violations of the terms of the license and to hear and rule upon all issues of license violations, fines, suspensions and revocations of any and all sorts as provided for in this title and the city's municipal code.

B. Any license or permit issued under this chapter or any amendments thereto may, by the mayor, or his designated hearing officer, be suspended for a period of time not to exceed thirty (30) days or less, or it may be revoked indefinitely for any violation by the licensee or permittee of the ordinance provisions relating to the license or permit, subject matter of the license or permit, to the premises occupied, or for activities being carried on at the premises that do not fall within the purview of the license or permit granted.

C. Within three (3) days after the suspension period of the license or permit has expired, or within ten (10) days of the initial revocation of the license or permit, the mayor, or his designated hearing officer, shall give notice to the holder or holders of the license or permit that a hearing will be held at a designated hour and the City Hall to hear evidence and take testimony relative to the facts and circumstances surrounding the suspension or revocation; and a decision shall be

15

rendered by the mayor, or his designated hearing officer, regarding the reinstatement, the impositions of fines, and/or the permanent revocation of the suspended or revoked license or permit within five (5) business days following the hearing. Suspension or revocation of a license or permit may be in addition to any fine imposed under other provisions of this code. If the mayor, or designated hearing officer, fails to take steps to hold a hearing, the suspended or revoked license or permit shall be automatically reinstated following the period of the initial suspension. The temporary suspension shall take effect the day following the receipt by the licensee or permittee of a letter sent from the office of the mayor by certified mail setting forth the reasons for the suspension and the period of such suspension. Notices for hearing shall be sent by the office of the mayor by certified mail to the licensee or permittee. The notices required under this section may be made by personal delivery to the licensee or permittee with an acknowledgement of receipt by the licensee or permittee.

118.    Harvey did not deny the April 2024 Application until October 29, 2024.

119.    By operation of Section 5-02-010, O'Reilly's 2023-2024 license was extended as of May 26, 2024.

120.    Alternatively, Harvey did not deny the July 2024 Application until October 29, 2024, which means that O'Reilly's 2023-2024 license was extended as of August 12, 2024.

121.    Thus, between September 5, 2024 and October 7, 2024, O'Reilly had a constructive business license by operation of Section 5-02-010 that was not suspended or revoked.

122.    O'Reilly was not served with a summons notifying it that Harvey was revoking its business license for unpaid property taxes for the 2023-2024 year.

123.    O'Reilly never received notice from Harvey to schedule a hearing for O'Reilly to contest the revocation of its business license.

124.    O'Reilly never received notice from Harvey to schedule a hearing for O'Reilly to contest the denial of O'Reilly's application for renewal of the business license.

125.    65 ILCS 5/1-2-1 states, in pertinent part: "[n]o fine or penalty ... shall exceed $750 ..." 65 ILCS 5/1-2-1.

The penalties allowed by Section 5-02-170[1] are in excess of the $750 limit placed on municipalities in 65 ILCS 5/1-2-1.

## COUNT I
## PETITION FOR ADMINISTRATIVE REVIEW

126.  O'Reilly repeats and re-alleges allegations pled in paragraphs 1 to 125 as if fully stated here.

127.  The Decision constitutes an administrative decision issued by an administrative agency and therefore subject to review under 735 ILCS 5/3-101 *et seq.*

128.  O'Reilly was a party of record to the administrative proceedings resulting in the Decision.

129.  O'Reilly requests review of the Decision. Specifically, it challenges the Decision's findings, including its ultimate finding of liability, and its decision to impose the stated fine on O'Reilly.

130.  The Decision was contrary to law and was unsupported by the evidence presented, as described above.

131.  O'Reilly requests that all Defendants prepare and file the transcript of evidence from the hearing on October 23, 2024, before McGing.

132.  O'Reilly has filed this Complaint and served all Defendants within the time and in the manner provided by statute.

WHEREFORE, O'Reilly, by counsel, requests that this court reverse the decision of the AHO and vacate its finding of liability and imposition of a fine.

---

[1] On October 28, 2024, the City of Harvey updated the version of the Municipal Code available online to remove the penalties relied upon by Judge McGing in his decision. *Compare* Exhibit A, pp. 19-20 *with* Harvey Title 5 Business Licenses and Regulations, attached as **Exhibit T**, p. 6 (available at https://www.codepublishing.com/IL/Harvey/#!/Harvey05/Harvey0502.html#5-02).

FILED DATE: 12/27/2024 12:03 PM   2024CH10976

## COUNT II
## COMMON LAW PETITION FOR WRIT OF CERTIORARI

133.    Defendant repeats and re-alleges allegations pled in paragraphs 1 to 125 as though fully stated here.

134.    To the extent that the Decision is not an agency decision reviewable under statute, O'Reilly seeks review of the Decision under common-law certiorari.

135.    Defendants exceeded their jurisdiction by imposing a fine greater than that allowed by Harvey's Ordinances.

136.    Defendants deprived O'Reilly of due process by failing to provide it with proper notice of the alleged violations

WHEREFORE, O'Reilly, by counsel, requests that this court reverse the decision of the AHO and vacate its finding of liability and imposition of a fine.

## COUNT III:
## DECLARATORY JUDGMENT

137.    O'Reilly incorporates Paragraphs 1 through 125, above, as though fully restated here.

138.    The Store and the Property lie within the city limits of Harvey and are therefore subject to Harvey's ordinances.

139.    At all relevant times, Section 5-02-065 of the Harvey Municipal Code governed business licenses as follows:

> **5-02-065 Suspension, revocation, or refusal to issue a business license for nonpayment.**
>
> A.    No initial or renewal license shall be issued to any person if:

18

FILED DATE: 12/27/2024 12:03 PM   2024CH10976

1.   Such applicant has any outstanding fees, fines, assessments, penalties or taxes owed to the city for which the period granted for payment has expired; or

2.   *If the premises to be licensed has past due and/or delinquent real estate taxes for such property*, unless the property is exempt from taxation.

B.     The licensee and the licensed premises must meet the eligibility requirements for an initial or renewed business license throughout the license term. The city may suspend or revoke a business license if the licensee or the licensed premises fails to maintain eligibility for a business license.

C.     If the initial or renewal license is denied for reasons stated hereunder, the license or renewal applicant may appeal such a decision pursuant to the hearing procedures in Section 5-02-120.

(emphasis added).

140.   At all relevant times, Section 5-02-120 of the Harvey Municipal Code further provided:

**5-02-120 Suspensions of license and hearings on license violations, fines, suspensions, and/or revocations.**

A.     The mayor as issuer of business licenses . . . shall have the power to designate a qualified hearing officer, an attorney licensed to practice law in the state of Illinois, in his stead, to act for the mayor in imposing license suspensions for violations of the terms of the license and to hear and rule upon all issues of license violations, fines, suspensions and revocations of any and all sorts as provided for in this title and the city's municipal code.

B.     Any license or permit issued under this chapter or any amendments thereto may, by the mayor, or his designated hearing officer, be suspended for a period of time not to exceed thirty (30) days or less, or it may be revoked indefinitely for any violation by the licensee or permittee of the ordinance provisions relating to the license or permit, subject matter of the license or permit, to the premises occupied, or for activities being carried on at the premises that do not fall within the purview of the license or permit granted.

C.     Within three (3) days after the suspension period of the license or permit has expired, or within ten (10) days of the initial revocation of the license or permit, the mayor, or his designated hearing officer, shall give notice to the holder or holders of the license or permit that a hearing will be held at a designated hour at the City Hall to hear evidence and take testimony relative to the facts and circumstances surrounding the suspension or revocation; and a decision shall be rendered by the mayor, or his designated hearing officer, regarding the reinstatement, the impositions of fines, and/or the permanent revocation of the suspended or revoked

19

license or permit within five (5) business days following the hearing. Suspension or revocation of a license or permit may be in addition to any fine imposed under other provisions of this code. If the mayor, or designated hearing officer, fails to take steps to hold a hearing, the suspended or revoked license or permit shall be automatically reinstated following the period of the initial suspension. *The temporary suspension shall take effect the day following the receipt by the licensee or permittee of a letter sent from the office of the mayor by certified mail setting forth the reasons for the suspension and the period of such suspension.* Notices for hearing shall be sent by the office of the mayor by certified mail to the licensee or permittee. The notices required under this section may be made by personal delivery to the licensee or permittee with an acknowledgement of receipt by the licensee or permittee.

(emphasis added).

141.    O'Reilly is a person entitled to all rights, privileges, and immunities provided by the Constitution and laws of the United States and the Constitution of the State of Illinois.

142.    Section 5-02-065(A)(2) of the Harvey Municipal Code provides that a business license may be revoked if property taxes on the property that business occupies is delinquent, regardless of whether or not the license holder is responsible for the property taxes. Section 5-02-065(A)(2) therefore imposes punitive action on a business license holder irrespective of that person's personal culpability.

143.    Furthermore, as applied here, Harvey is taking punitive action by demanding that O'Reilly pay a fine for delinquent property taxes that O'Reilly had no duty to pay and which included units that it has no right to occupy.

144.    Consequently, Section 5-02-065(A)(2) violates the Eight and Fourteenth Amendments to the Constitution of the United States, both facially and as applied.

145.    O'Reilly has a protected property interest in the Store and all activities it conducts in the Store.

146.    O'Reilly has a protected liberty interest in conducting business in the Store.

20

FILED DATE: 12/27/2024 12:03 PM   2024CH10976

147.   Defendants, acting under color of Illinois law and Harvey Ordinance, deprived O'Reilly of its liberty and property interests without providing notice or a hearing or any other procedural protections surrounding that deprivation, in violation of Art. I § 2 of the Illinois Constitution.

148.   Defendants, acting under color of Illinois law and Harvey Ordinance, imposed a fine exceeding the seriousness of the offense by requiring it to pay property taxes it had no duty to pay, including those of units it had no rights to occupy, in violation of Art. I § 11 of the Illinois Constitution.

149.   Besides violating O'Reilly's constitutional rights, Section 5-02-065(A)(2) is arbitrary, capricious, and unreasonable; and bears no substantial relationship to public health, safety, or welfare as applied against O'Reilly.

150.   As an entity actually subjected to enforcement by Defendants of Section 5-02-065(A)(2) against it, an actual controversy exists between O'Reilly and Defendants regarding their rights and relationships that requires adjudication by this court.

151.   As a direct result of Defendants' actions, O'Reilly has suffered immediate and irreparable harm for which there is no adequate remedy at law O'Reilly is reasonably likely to prevail on the merits, and the issuance of a preliminary and permanent injunction would not violate, but instead would promote, public policy by preventing violation of O'Reilly's Constitutional rights.

152.   As a further direct result of Defendants' actions, O'Reilly suffered other harm for which a remedy at law exists, incurring damages.

WHEREFORE, O'Reilly requests that this court enter judgment in its favor and against Defendants as follows:

FILED DATE: 12/27/2024 12:03 PM  2024CH10976

(1)     Declaring Defendants' actions taken in violation of O'Reilly's Federal and Illinois Constitutional rights to due process, freedom from excessive fines, and freedom to conduct its business activities (including during the pendency of this case) without unreasonable government interference;

(2)     Preliminarily and permanently enjoining Defendants from continuing with their actions described above or taking any other action that violates O'Reilly's Federal or Illinois Constitutional rights to due process, freedom from excessive fines, and freedom to conduct its business activities (including during the pendency of this case) without unreasonable government interference;

(3)     To any extent that a remedy at law exists, for an award of damages sufficient to compensate O'Reilly for its losses and for punitive damages for actions taken in willful violation of O'Reilly's Constitutional rights; and;

(4)     Granting all other appropriate relief.

Respectfully submitted,

O'REILLY AUTO ENTERPRISES, LLC d/b/a O'REILLY AUTO PARTS, Plaintiff

By:     /s/ Joseph R. Marconi
        One of the attorneys for Plaintiff

Joseph R. Marconi (marconij@jbltd.com)
Carlos A. Vera (verac@jbltd.com)
Adam J. Sedia (verac@jbltd.com)
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
Firm ID:  06347

22

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

O'REILLY AUTO ENTERPRISES, LLC d/b/a
O'REILLY AUTO PARTS, a Delaware
corporation,

        Plaintiff,

v.

CITY OF HARVEY, ILLINOIS, a municipal
corporation, CHRISTOPHER J. CLARK, THE
CITY COUNCIL OF THE CITY OF HARVEY,
SHIRLEY DEWENSKI, MARSHUN
TOLBERT, TELANEE SMITH, TRACY KEY,
DOMINIQUE RANDLE-EL, TYRONE
ROGERS, COLBY CHAMPAN, ROSA
ARAMBULA, CHERYL ANDERSON,
HARVEY MUNICIPAL COURTS, also known
as CITY OF HARVEY ADMINISTRATIVE
HEARING, CITY OF HARVEY
DEPARTMENT OF BUILDING AND
INSPECTIONAL SERVICES, CORREAN
DAVIS, BRIDGETTE ALLEN, JUDGE
JAMES MCGING (Ret.), PATRICK W.
WALSH, JOSEPH P. SHERIDAN,

        Defendants.

Case No: **2024CH10976**

FILED DATE: 12/27/2024 12:03 PM  2024CH10976

## **AFFIDAVIT**

    I, Carlos A. Vera, certify that, to the best of my knowledge, the following is true and accurate, and I will competently testify to the statements contained herein if called to do so.

    1.    This affidavit is provided pursuant to 735 ILCS 5/3-105.

    2.    Upon information and belief, the last known address of the named Defendants upon whom service shall be made are as follows:

        a.  The last known address of Defendant City of Harvey ("Harvey") is 15320 Broadway Ave, Harvey, IL 60426;

23

b.  The last known address of Defendant Christopher J. Clark is 15320 Broadway Ave, Harvey, IL 60426;

c.  The last known address of Defendant the City Council of the City of Harvey ("the Council") is 15320 Broadway Ave, Harvey, IL 60426;

d.  The last known address of Defendant Shirley Dewenski is 15320 Broadway Ave, Harvey, IL 60426;

e.  The last known address of Defendant Marshun Tolbert is 15320 Broadway Ave, Harvey, IL 60426;

f.  The last known address of Defendant Telanee Smith is 15320 Broadway Ave, Harvey, IL 60426;

g.  The last known address of Defendant Tracy Key is 15320 Broadway Ave, Harvey, IL 60426;

h.  The last known address of Defendant Dominique Randle-El is 15320 Broadway Ave, Harvey, IL 60426;

i.  The last known address of Defendant Tyrone Rogers is 15320 Broadway Ave, Harvey, IL 60426;

j.  The last known address of Defendant Colby Chapman is 15320 Broadway Ave, Harvey, IL 60426;

k.  The last known address of Defendant Rosa Arambula is 15320 Broadway Ave, Harvey, IL 60426;

l.  The last known address of Defendant Anderson is 15320 Broadway Ave, Harvey, IL 60426;

FILED DATE: 12/27/2024 12:03 PM   2024CH10976

m. The last known address of Defendant McGing is 6723 N. Northwest Highway, Chicago, IL 60631;

n. The last known address of Defendant Patrick Walsh is 33 S. Garfield Street, Hinsdale, Illinois 60521.

o. The last known address for Defendant Correan Davis is 15320 Broadway Ave., Harvey, IL 60426;

p. The last known address for Bridgette Allen is 15320 Broadway Ave., Harvey, IL 60426;

q. The last known address for Joseph Sheridan is 15320 Broadway Ave., Harvey, IL 60426;

3. The information contained in this affidavit is based upon the undersigned attorney's research.

DATED: DECEMBER 27, 2024

/S/ *CARLOS A. VERA*
Carlos A. Vera

25