**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| O'REILLY AUTO ENTERPRISES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-09274 |
| | ) | |
| CITY OF HARVEY, ILLINOIS; | ) | Hon. Manish S. Shah |
| CHRISTOPHER J. CLARK; and | ) | |
| CAMERON BIDDINGS; | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT,
PRELIMINARY AND PERMANENT INJUNCTIONS, AND DAMAGES**

NOW COME the Defendants CITY OF HARVEY, ILLINOIS; CHRISTOPHER J. CLARK; and CAMERON BIDDINGS, by and through their attorneys Ancel Glink, P.C., and by way of Reply in support of their Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint for Declaratory Judgment, Preliminary and Permanent Injunctions, and Damages, hereby state as follows:

**ARGUMENT**

**I.      THIS IS A TEXTBOOK CASE FOR *YOUNGER* ABSTENTION.**

Plaintiff does not dispute that it presented the same arguments in the administrative review hearing that it presents in its First Amended Complaint here, that it currently seeks judicial review of that decision in state court, and that its state court Complaint requests identical relief as that sought here. While this appears to present a model for *Younger* abstention, so as to not interfere with the ongoing state court proceeding, Plaintiff requests that this court refrain from abstaining, citing *Mulholland v. Marion County Election Board.* Plaintiff's reliance upon *Mulholland* is

1

misplaced. *Mulholland* involved in an electoral board proceeding to determine whether Plaintiff violated an anti-slating statute. The electoral board, however, had no power to sanction Plaintiff but only to recommend whether the state's attorney initiate a prosecution. Consequently, the hearing bore no similarity to a criminal proceeding (as courts have repeatedly found a civil enforcement proceeding does) so as to warrant *Younger* abstention.

This was drastically different from the case before this court in which Plaintiff was found liable and fined for violating the Harvey Municipal Code by operating without a business license, which finding Plaintiff has appealed by filing a state court administrative review complaint. Consequently, Plaintiff's request that this court find Harvey's business licensing statute unconstitutional and enjoin its enforcement would "involve or call into question" an ongoing state court proceeding, mandating *Younger* abstention. In *Mulholland*, by contrast, any findings by the Board would have been preliminary or remedial.

It is the ability of the administrative body to impose a sanction that distinguishes *Mulholland* and justifies *Younger* abstention. While Plaintiff cites *O'Keefe* for its argument that the court should refrain from abstaining, Plaintiff fails to advise this court that the district court's injunction in that case was overruled. *O'Keefe v. Chisolm*, 769 F.3d 936 (7th Cir. 2014). In *O'Keefe*, the district court entered an injunction against enforcement of a "John Doe" proceeding investigating whether Plaintiff had violated campaign finance laws. In rejecting the district court's reliance upon *Mulholland*, the court noted that the potential imposition of criminal penalties in the John Doe action, that loss of Plaintiff's donations did not constitute irreparable harm, and that the state court action afforded Plaintiff an adequate remedy at law, taken together meant that the principles of the "principles of equity, comity, and federalism counsel against a federal role here." *O'Keefe*, 769 F.3d at 939. (Internal citations omitted.)

Plaintiff also argues that the court should refrain from *Younger* abstention as "Harvey's code is flagrantly and patently violative of express constitutional provisions" which it claims is an exceptional circumstance opposing *Younger* abstention. Yet as the *Mulholland* court recognized "the Supreme Court has 'unequivocally held that facial invalidity of a statute is not itself an exceptional circumstance' opposing *Younger* abstention." *Mulholland*, 746 F.3d at 818. What distinguished *Mulholland* is that the state electoral board was seeking to enforce an anti-slating statute that was already found to be unconstitutional, yet Defendant was attempting to enforce it against Plaintiff anyway. Cases decided subsequent to *Mulholland* have consistently found that, absent a municipal ordinance having already been found unconstitutional, facial invalidity of the statute or ordinance is not an exceptional circumstance opposing *Younger* abstention. As explained by the district court in *Curry v. Lopez*, 2017 U.S. Dist. LEXIS 194853, *9-10 (N.D. Ill. Dec. 4, 2017):

> Mr. Curry believes that the state court has ordered that his income be garnished in excess of the limitations imposed by 15 U.S.C. §1673 and by state law. Assuming Mr. Curry is correct about this, it does not present the situation involved in *Mulholland*, where the state was attempting to enforce a statute already declared unconstitutional. More importantly, Mr. Curry has not shown that he needs a federal injunction to enforce his rights; he is free to challenge the state court's orders through the state appeal process. "Federal Courts must presume that state courts are capable of establishing and administering judicial process consistent with the requirements of the federal constitution, and 'that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *Barichello v. McDonald,* 98 F.3d 948, 954-55 (7th Cir. 1996) (quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed.2d 1 (1987).

See also *O'Keefe,* 769 F.3d at 940 (Explaining in *Mulholland* "[n]o reasonable person could have thought that the proceeding would lead to a valid conviction, because the Defendants were prohibited by a federal injunction, issued a decade earlier, from penalizing those very tactics.")

Plaintiff also argues that *Younger* abstention is inappropriate because the prosecution was brought in bad faith and failed "to meet the basic requirements of due process…" as the prosecutor

3

and hearing officer were not impartial due to Mayor Clark appointing them. (Dkt. 31, p. 10.) If the mere fact that the mayor appointed the prosecutor and hearing officer rendered the administrative hearing biased and violative of due process, however, this would literally imperil nearly every administrative hearing in the state as the vast majority of municipalities require the mayor to appoint the prosecutor and hearing officer. It is likely for this reason that Plaintiff cites old and mostly out-of-district cases for the proposition that abstention dismissal is inappropriate absent an impartial adjudication even if the proceeding is subject to judicial review. Courts in this district have repeatedly found that an allegation of bias at an administrative hearing is an unauthorized act by a city official which is cured by an adequate post-deprivation hearing such as provided by the Illinois Administrative Review Act. As explained by the court in *Peikarczyk v. Chicago*, 2006 U.S. Dist. LEXIS 8864, *14-15 (N.D. Ill. Mar. 3, 2006):

> First, we note that there has been no violation of Plaintiff's procedural due process rights because he has been afforded all of the process he is due. "Deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the state fails to provide an adequate postdeprivation remedy."…In this case, Chicago Municipal Code §§2-14-076, 2-14-102 (2004) provided state-law remedies though administrative hearings and state court appeals. In fact, Plaintiff took advantage of such remedies and was able to (in some cases, successfully) contest the citations. Therefore, he cannot proceed on a procedural due process claim.

In this district, the state's administrative review process has been found an adequate post-deprivation remedy to even the most heavy handed and vindictive prosecutions imaginable. In *Cozzi v. Village of Melrose Park*, 592 F. Supp.3d 701 (N.D. Ill. Mar. 21, 2022) an 82-year-old couple was issued 2 tickets for having lawn chairs in their front yard. After the couple's son complained at a village board meeting about the tickets, the city's mayor unleashed a profanity-laced tirade. Plaintiffs were subsequently issued tickets nearly every day for the next 3 months, a total of 62 tickets at $500 a piece for a total of over $30,000 in fines. And while Plaintiffs were

ticketed for "nuisance" due to their lawn chairs and Christmas decorations, other residents with far more clutter and decorations in their front lawns received no citations. Moreover, enforcement officials repeatedly told Plaintiffs that the tickets were from the "mayor" who, for his part, repeatedly threatened Plaintiffs' son with violence, told him that it was his neighborhood, and that they better get out.

Plaintiffs filed a Complaint in federal court alleging that their due process right to a hearing was violated as the mayor and city officials were biased against them. In dismissing this Count, the court found that "a claim about bias is a claim about random and unauthorized conduct" and that the post-deprivation remedy provided by the Illinois Administrative Review Act satisfied due process. As explained by the court:

> In claims by public employees, the Seventh Circuit has "found time and again that the Illinois Administrative Review Act provides sufficient post-deprivation relief" for public employees to challenge random and unauthorized departures from state law. See *Cannici,* 885 F.3d at 480; see also *Leavell*, 600 F.3d at 805-06; *Machalowicz*, 528 F.3d at 534-536.
>
> The same principle applies here. The Cozzis have an adequate post-deprivation remedy, so the due process claim fails. There is no due process claim because they have a process to challenge what happened to them at the hearing. *Cozzi*, 592 F. Supp.3d at 712-713.

O'Reilly is not two 82-year-olds being punished for lawn chairs. It is an $8,000,000,000 a year business who is arguing that it should be able to operate on a property that has not paid real estate taxes for over 10 years, depriving one of Illinois' most depressed communities of sorely needed tax revenues. It even refused its own landlords offer to pay $20,000 to allow O'Reilly to continue to operate tax-free. Instead, they scurry to federal court and make defamatory accusations against Mayor Clark claiming without evidence that he is pocketing city revenue. If any party is biased and behaving as though above the law, it is O'Reilly. That said, any allegation that the city

is biased against them can be addressed at the ongoing state court proceeding provided by the Illinois Administrative Review Act, which makes *Younger* abstention absolutely appropriate here.

Plaintiff's remaining allegations of bias are also legally and factually unsupported. Plaintiff argues that the hearing officer was biased because he "refused to even consider evidence that Harvey denied O'Reilly's 2024 renewal application on October 29, 2024—after the period under which O'Reilly was charged and prosecuted for operating without a valid business license." It is true that Judge McKing refused to consider the letter as Plaintiff never presented a Motion to Reopen the Proofs. It would, moreover, be improper for this court to consider that letter as it is nowhere referenced in Plaintiff's First Amended Complaint. Consequently, it is inappropriate to raise it in response to a Motion to Dismiss. As explained by the court in *Piekarczyk*:

> Although Plaintiff does allege racial animus, his claim fails because he cannot raise a claim in a response brief without first setting it forth in the complaint. See *Harrell v. U.S.*, 13 F.3d 232, 236 (7th Cir. 1993) ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint"); *Thomas v. Nachtrieb,* 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss"). *Piekarczyk*, 2006 U.S. Dist. LEXIS 8864, *5-6.

Plaintiff further argues that, while the Harvey Municipal Code provides that Plaintiff may appeal a denial of its license renewal, "Harvey has failed to provide such an opportunity to be heard…" The reason that the City never heard an appeal of the denial of O'Reilly's application for a license renewal is because O'Reilly has never requested one prior to the hearing. Not only did O'Reilly acknowledge this at the administrative hearing, it argued that the court should not consider the fact that O'Reilly never sought an appeal. As argued by counsel at the hearing:

> Now, there were questions that were presented to witnesses whether they ever saw an appeal for O'Reilly, but that's putting the cart before the horse. There is nothing to appeal because we never got a decision from the city saying we're rejecting your

6

license; it's because of the property taxes. You can even look at the settlement agreement. It doesn't say that anywhere.

See Dkt. 32, Exhibit 1, Report of Proceedings, p. 150.

For the reasons stated in Defendant's motion and in this section, all of the *Younger* abstention factors have been met and Plaintiff has utterly failed to establish that an exception applies. Consequently, as all the claims for relief that Plaintiff is making here are also made in the state court action, this court need not simply stay, but should dismiss, Plaintiff's First Amended Complaint pursuant to the *Younger* abstention doctrine.

## II.   PLAINTIFF HAS FAILED TO INCLUDE SUFFICENT FACTUAL ALLEGATIONS TO ESTABLISH ITS CLAIMS FOR INJUNCTIVE RELIEF.

Plaintiff initially appears to argue that Counts I, II, and IV should survive irrespective of whether Plaintiff has met the Rule 12(b)(6) pleading requirements for injunctive relief as these Counts also contain requests for declaratory judgment and damages. Plaintiff cites no case for the proposition that Counts failing to adequately plead injunctive relief should survive dismissal if those same Counts adequately plead other theories. Consequently, this court should disregard this argument and evaluate whether Plaintiff has alleged sufficient facts to establish each of the elements required to obtain injunctive relief.

Plaintiff has presented no coherent argument for why it is likely to succeed on the merits of its procedural due process claim. As indicated in the previous section, any concerns regarding whether Plaintiff was afforded due process at the administrative hearing can be addressed in its Complaint for Administrative Review, which the Seventh Circuit has repeatedly found to be an adequate post-deprivation remedy. Plaintiff also claims that its leasehold interest was violated by the city without due process of law, citing *Department of Housing and Urban Development v. Rucker*, 535 U.S. 125 (2002). The Supreme Court in *Rucker*, however, dismissed Plaintiff's

7

procedural due process claim finding that the matter was more appropriately heard in state court.

As explained by the Supreme Court:

> The Court of Appeals sought to bolster its discussion of constitutional doubt by pointing to the fact that respondents have a property interest in their leasehold interest, citing *Green v. Lindsey*, 456 U.S. 444…This is undoubtedly true, and *Green* held that an effort to deprive a tenant of such a right without proper notice violated the Due Process Clause of the Fourteenth Amendment. But in the present cases, such deprivation will occur in the state court where [Oakland Housing Authority] brought the unlawful detainer action against respondents. There is no indication that notice has not been given by OHA in the past, or that it will not be given in the future. Any individual factual disputes about whether the lease provision was actually violated can, of course, be resolved in these proceedings. *Rucker*, 535 U.S. at 135-136.

Consequently, the availability of an adequate post-deprivation remedy, the fact that Plaintiff is making a Procedural Due Process claim in its state court complaint, and the mootness of the argument that Defendant is prohibiting Plaintiff from accessing its premises all indicate that Plaintiff does not have the "strong" likelihood of success on the merits necessary to successfully plead injunctive relieve for a procedural due process violation. See also *Dyson v. City of Calumet City,* 306 F. Supp.3d 1028, 1043 (N.D. Ill. Jan. 23, 2018) (Procedural due process claim was appropriately dismissed as Plaintiff "has no basis to contend that she lacked the opportunity to seek remedial action under state law.")

Plaintiff also fails to establish a likelihood of success on the merits of its substantive due process claim. As set forth in Defendant's motion, absent a municipal ordinance providing "substantive criteria which, if met, dictate the issuance of a permit" a party has no property right to a business license renewal. (Dkt. 35, p. 11-12.) While Plaintiff points to provisions in Harvey's Municipal Code that list the requirements for obtaining a business license, Plaintiff fails to point to a section that dictates issuance of a license in the event these criteria are met. And the case law cited by Plaintiff does nothing to support its argument that it has a property right in a business

license renewal as these cases involve the renewal of a liquor license, which Illinois law does treat as a property right, the refusal to renew of which is treated equivalent to a revocation. Plaintiff clearly seeks to hide this distinction, citing *Club Misty, Inc. v. Laski* for the supposed proposition that "Illinois law 'treats a refusal to renew…as equivalent to a revocation' when the actual quote from *Laski* is that "Illinois law treats a refusal to renew *a liquor license* as equivalent to a revocation." *Laski*, 208 F.3d at 618. (Emphasis added.)  As Plaintiff cites no case law supporting its argument that the City of Harvey Municipal Code recognizes a property right in a business license renewal, Plaintiff cannot make the strong showing required to demonstrate a likelihood of success on the merits of its substantive due process claim.

And with no case law to support its argument that the fines imposed upon it for operating without a business license implicates the Eighth Amendment's Excessive Fines Clause, Plaintiff resorts to distorting Defendant's argument. Plaintiff claims that Defendant states "'personal culpability' is not factored into an Eighth Amendment gross disproportionality test." (Dkt. 36, p. 13.) Defendant, of course, makes no such argument, but rather argues that personal culpability is just one factor in the gross disproportionality test and is by no means dispositive. This point is driven home in *The Department of Housing v. Rucker* case in which multiple tenants' leases were terminated pursuant to a lease provision that provided the lease may be terminated for any drug related activity by any member the tenant's household or guest irrespective of whether "the tenant did not know, could not foresee or could not control behavior by other occupants of the unit." *Rucker*, 535 U.S. at 129.

The tenants sought injunctive relief citing alleged violations of due process and the Eighth Amendment's Excessive Fines Clause, arguing that the eviction of "innocent" tenants was unconstitutional. *Id.* The district court granted the tenant's request for preliminary injunctive relief

and the Ninth Circuit affirmed. The Supreme Court reversed citing the "substantial government expenditures" that accompany drug related activity and that "[s]trict liability maximizes deterrence and eases enforcement difficulties." *Id.* at 134. The court concluded by explaining that there are "no 'serious constitutional doubts'" about the legality of no-fault evictions." *Id.* at 135.

Consequently, Plaintiff's argument that the Eighth Amendment prohibits the city from fining O'Reilly "despite having **no culpability** for the landlord's delinquent property taxes" (emphasis Plaintiff's) is entirely unsupported by Eighth Amendment jurisprudence. Just like the tenants in *Rucker* and the automobile owners in *Towers*, O'Reilly may be held liable irrespective of its ability to control the behavior of another party. While O'Reilly may be comfortable in the fact that no one will ever foreclose upon the shopping center property, as no one will assume over a decade's worth of unpaid property taxes, the only means that the City has to receive any property taxes on properties such as this is to target the tenants who lease tax delinquent property in an effort to discourage them from doing so. This is no more unfair than sanctioning a vehicle owner for crimes committed by a permissive user or a tenant for crimes committed by an out-of-control family member or guest, each of whom likely have less culpability than O'Reilly has here. Consequently, O'Reilly has no likelihood of success on its claim that the city violated the Eighth Amendment Excessive Fines Clause by prohibiting business license renewals on tax delinquent properties.

As demonstrated above, Plaintiff cannot show a strong probability that it will succeed on the merits for any of its constitutional arguments. As further explained in the prior section, it is also evident that O'Reilly has an adequate legal remedy, namely the Illinois Administrative Review Act. While Plaintiff claims that such a remedy does not "render O'Reilly's claims in this lawsuit inadequately pled under Rule 12(b)(6)," Plaintiff is incorrect as a claim for injunctive relief

cannot stand if there exists an adequate remedy at law. (Dkt. 36, p.11; Dkt. 35, p. 7-8.) And with respect to Defendant's argument that O'Reilly has another adequate remedy at law in that, under the lease with its landlord, O'Reilly could pay the taxes and then charge them to the landlord, Plaintiff disingenuously argues that this would require it to pay the delinquent property taxes for the entire shopping center, a total which it claims to be "2.53 million in back taxes." (Dkt. 31, p. 14.) To quote Plaintiff:

> Defendants cannot seriously argue that O'Reilly's unwillingness to pay millions of dollars in back taxes, which O'Reilly is not responsible for, and for which the City of Harvey could itself be liable, establishes O'Reilly's culpability.

The answer to O'Reilly's rhetorical question is no, Defendants do not seriously argue that, nor is that the evidence that was presented at the administrative hearing. According to the evidence presented at the hearing, the delinquent property taxes for O'Reilly's PIN Number amount to $224,667.77…a rounding error for an $8,000,000,000 a year in profits company like O'Reilly.

Finally, Plaintiff makes only the most tepid effort to respond to Defendants' argument that Plaintiff fails to plead irreparable harm as purely economic damages do not suffice. (Dkt. 32, Exhibit 1, p. 72.) While Plaintiff does attempt to distinguish one of the three cases cited by Defendant for this proposition, it does so by focusing on incidental aspects of that case as opposed to the principle for which it is cited. Plaintiff's failure to plead a plausible claim for irreparable harm is just one more reason that this court should dismiss Counts I, II, and IV with prejudice.

### III. THE FACTS AS PLED ARE INSUFFICIENT TO ESTABLISH A REGULATORY TAKING.

Plaintiff makes no effort to distinguish the multitude of cases cited by Defendant to establish that the temporary closure of a business, even if accompanied by a loss of profits and reduction in property value, does not rise to the level of a regulatory taking. Instead, Plaintiff argues that this Count is "pled in the alternative" should a court determine that "permanently

shutting down O'Reilly is lawful." Not only is this not pled in Count III of Plaintiff's First Amended Complaint, it contradicts the language in that Count alleging "Harvey has *failed* to provide just compensation for its regulatory taking" clearly indicating that Plaintiff is seeking damages for the brief and temporary shutdown of its property. (Dkt. 13, ¶52, emphasis added.) Plaintiff further argues that the failure to renew its business license "completely diminishes the value of O'Reilly's lease and investment-backed expectations." (Dkt. 36, p. 15.) As this is not alleged at all in Plaintiff's First Amended Complaint, no less with any factual support, this argument should be disregarded. See *Piekarczyk v. Chicago*, 2006 U.S. Dist. LEXIS 8864, *5-6 (N.D. Ill. Mar. 3, 2006) (Plaintiff could not raise a claim of racial animus for the first time "in a response brief without first setting it forth in the complaint" particularly considering that the conclusory allegations "are insufficient to state such a claim.")

Absent any facts, conclusory or otherwise, to support its claim of a regulatory taking, Count III of O'Reilly's First Amended Complaint should be dismissed.

WHEREFORE, Defendants CITY OF HARVEY, ILLINOIS; CHRISTOPHER J. CLARK and CAMERON BIDDINGS, request that this Honorable Court dismiss Plaintiff's First Amended Complaint for Declaratory Judgment, Preliminary and Permanent Injunctions, and Damages pursuant to Rule 12(b)(6).

Respectfully Submitted

CITY OF HARVEY
CHRISTOPHER J. CLARK, and
CAMERON BIDDINGS

/s/ Robert P. Hoban III_____
    One of the Attorneys for the Defendants

Robert P. Hoban III (ARDC #6225179)
Maulik Sharma (ARDC #6348379)
**ANCEL GLINK, P.C.**
140 S. Dearborn Street, 6th Floor
Chicago, IL 60603
Tel: (312) 782-7606/Fax: (312) 782-0943
rhoban@ancelglink.com
msharma@ancelglink.com